# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ERNEST HOUSTON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LUZERNE COUNTY CHILDREN &<br>YOUTH, ET AL.,<br><br>　　Defendant | CIVIL ACTION NO. 3:06-CV-02118<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Before me is Plaintiff's Motion for Voluntary Attorney (Doc. 27).  I will continue it as a motion for the appointment of counsel.

### I. History of the Case

This is a § 1983 action brought against Luzerne County Children and Youth Services and six individuals connected with Luzerne County Children and Youth Services.  (Doc. 1).  Plaintiff has been granted *informa pauperis* status.  (Doc. 10).  The complaint alleges that defendants forced his wife to place their children in temporary placement until secure and stable housing could be provided.  The complaint was amended to add a clause for slander against Luzerne County Children and Youth Services and Jaime Stuart and Randy R. which he alleges damaged him and caused his wife to divorce him.

While there is no constitutional or statutory right to counsel for civil litigants, it is within the discretion of the district court to appoint counsel under § 1915(d).  *Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997).  In considering whether to appoint

counsel, a court should first determine that the plaintiff's claim has some arguable merit in fact and law. *Id.* at 457 (citing *Tabron v. Grace*, 6 F.3d 147(3d Cir. 1993)). Once the court has assured itself that the action is sufficiently meritorious to warrant appointment of counsel, it should consider the six *Tabron* factors to determine whether or not to make the appointment:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

*Parham v. Johnson*, 126 F.3d at 458. This list is not exhaustive, and the decision of whether or not to appoint counsel must be made on a case-by-case basis after considering all relevant factors. *Tabron v. Grace*, 6 F.3d at 158-59.

Since the claims are recited in general terms it is difficult to assess merit at this point, so I will assume merit and proceed to a consideration of the *Tabron* factor.

The first *Tabron* factor, plaintiff's ability to represent his own case, favors not appointing counsel. Plaintiff's complaint is general in its terms, yet comprehends that there is a claim for improper government interference. Moreover, plaintiff sought to amend and succeeded.

The second factor again weighs against the appointment of counsel. The law is well settled; a violation of constitutional rights must be established for relief under

42 U.S.C. § 1983. The state claim is contingent upon the viability of the federal claim. The matter to be tried does not appear so complex as to require counsel at this stage.

The third factor also weighs against appointment. Plaintiff's evidence will come from the plaintiff's own accounts of events along with testimony from defendants and others involved. A factual investigation by someone else would yield no better results than plaintiff's own experience of the events complained of.

The fifth factor also weighs against appointment, since it does not appear expert testimony is necessary in this case.

Only the fourth factor, whether the action is likely to turn on credibility determinations, and the sixth factor, whether plaintiff can afford to pay for an attorney, weigh in favor of appointing counsel. However, these factors are no more applicable to plaintiff than to the typical plaintiff bringing a civil rights action. A court should not appoint counsel primarily on account of credibility issues without some indication that there are special circumstances in the case that make the cross-examination of witnesses unusually difficult for a *pro se* plaintiff. Otherwise, every individual would be entitled to appointment of counsel. As the United States Court of Appeals for the Third Circuit has emphasized, volunteer lawyer time is a scarce resource which should not be expended indiscriminately. *Parham v. Johnson*, 126 F. 3d at 458. Courts have an obligation to strive to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of assistance of counsel. See *Tabron v. Grace*, 6 F.3d at 157. The present action is not such a case.

An appropriate order will follow.

Date: Sept. 4, 2007 /s/ A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ERNEST HOUSTON, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-02118 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY CHILDREN & YOUTH, ET AL., | |
| Defendant | |

## ORDER

NOW, this 4th day of September, 2007, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 140) is **DENIED.**

    /s/ A. Richard Caputo
    United States District Judge