IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC ERNEST HOUSTON,** | : |
| | : |
| Plaintiff, | : CIVIL |
| | : |
| v. | : |
| | : |
| **LUZERNE COUNTY CHILDREN AND YOUTH, et al.,** | : |
| | : |
| Defendants. | : NO. 3:06-CV-02118-ARC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO COMPEL DISCOVERY AGAINST PLAINTIFF
ERIC ERNEST HOUSTON**

Luzerne County Children and Youth, et al. ("Defendants") hereby file this memorandum of law in support of their motion to compel discovery, specifically to compel responses to Defendants' first request for production of documents and Defendants' first set of interrogatories.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This action was initiated by Plaintiff Eric Ernest Houston ("Plaintiff"), *pro se*, on October 26, 2006 against Defendants. (See complaint). Plaintiff alleges in his amended complaint "slander of my name

and reputation and for the break up of my family plus pay for my divorce because Jamie Stuart is making my divorce…" (See amended complaint at V). On April 30, 2007, Defendants filed an answer to amended complaint and affirmative defenses. (See answer to amended complaint and affirmative defenses, Docket No. 19). On July 18, 2007, Defendants served Plaintiff with Defendants' first request for production of documents and Defendants' first set of interrogatories. (See Exhibit A attached to motion to compel discovery ("Defendants' motion")). To date, Plaintiff has not answered the discovery requests. (See Exhibits A, B and C to Defendants' motion).

Defendants have had no contact with Plaintiff and have no way of getting in touch with Plaintiff other than by mail at his last known address. (See Exhibits A, B and C to Defendants' motion). Defendants have sent Plaintiff correspondence regarding discovery which has not been answered to date. (Id.). Discovery ended

per this Court's March 12, 2008 Order on June 2, 2008. (See Court's March 12, 2008 Order, Docket No. 38).

Defendants require discovery in this matter in order to adequately investigate and defend the allegations of Plaintiff's amended complaint. (See amended complaint). Furthermore, Defendants require the opportunity to take the deposition of Plaintiff in order to adequately investigate and defend the allegations of his amended complaint. (Id.).

The specific categories of interrogatories and documents seek any information which relates in any way to the charges for which Plaintiff was incarcerated and all other documents which support the averments of Plaintiff's amended complaint. (See amended complaint). All information requested is relevant and discoverable. (Id.). The information is necessary to prove that Luzerne County Children and Youth and its employees did not participate in any civil rights violations against Plaintiff and his amended complaint contains unsubstantiated false assertions made by him. (Id.).

II. **LEGAL AUTHORITY**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 134 (E.D. Pa. 2001)(quoting Fed. R. Civ. P. 26(b)(1)). It is axiomatic that the "Federal Rules of Civil Procedure 'allow broad and liberal discovery'" and that the standard required to support discoverability is less stringent that that utilized for admissibility. Neuberger & Scott v. Shapiro, 196 F.R.D. 286, 287 (E.D. Pa. 2000)(citing Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) and Fed. R. Civ. P. 26(b)(1)).

Indeed, information is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Barnes Found. v. Township of Lower Merion, No. 96-372, 1996 WL 653114, *1 (E.D. Pa.

Nov. 1, 1996)[1](quoting Fed. R. Civ. P. 26(b)(1)). See also Sanchez, 202 F.R.D. at 134 ("Relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'")(citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

The party resisting discovery bears the burden of demonstrating "to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Barnes, 1996 WL 653114 at *1 (quoting Thompson v. Glenmede Trust Co., No. Civ. A. 92-5233 1995 WL 752443, *2 (E.D. Pa. Dec. 19, 1995)).

---

[1]   Pursuant to Local Rule 7.8, a copy of Barnes Found. and all electronically generated opinions cited herein are attached hereto in alphabetical order.

Furthermore, "the conception of discovery in general and relevance in particular requires that where relevance is in doubt, the court should be permissive in allowing discovery." Yang v. Reno, 157 F.R.D. 625, 631 (M.D. Pa. 1994)(citations omitted).

The records sought by Defendants are clearly relevant for discovery purposes and should be produced. (See amended complaint). Defendants should also have the opportunity to take Plaintiff's deposition. (Id.). Plaintiff has not put forth any reasons to withhold the requested materials and has blatantly ignored our requests. (See Exhibits A, B and C attached to Defendants' motion).

For all of the foregoing reasons, Defendants request that this Court issue an Order compelling complete answers to Defendants' interrogatories and full document production and a privilege log if necessary.

## III. CONCLUSION

For all of the foregoing reasons, Defendants request that this Court grant their motion to compel.

                              Respectfully submitted,

                              /S/Paula L. Radick
                              John G. Dean
                              Paula L. Radick
                              **ELLIOTT GREENLEAF & DEAN**
                              201 Penn Avenue, Suite 202
                              Scranton, PA  18503
                              (570) 346-7569

                              Attorneys for Defendants

DATED: June 4, 2008

Not Reported in F.Supp., 1996 WL 653114 (E.D.Pa.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
The BARNES FOUNDATION
v.
The TOWNSHIP OF LOWER MERION, et al.
Civil Action No. 96-372.
Nov. 1, 1996.

Richard P. McElroy, Ann B. Laupheimer, Blank, Rome, Comisky & McCauley, Robert J. Sugarman, Robert R. Elliott, Sugarman & Associates, Philadelphia, PA, for Plaintiff.

Paul R. Rosen, Larry R. Wood, Spector, Gadon & Rosen, P.C., Paul S. Diamond, William K. Pelosi, Obermayer, Rebmann, Maxwell & Hippel, L.L.P., Victoria M. Komarnicki, Bennett, Bricklin & Saltzburg, David H. Weinstein, Weinstein Kitchenoff Scarlato & Goldman, Ltd., Robert C. Steiger, Harper & Driver, Sidney R. Steinberg, Post & Schell, P.C., Robyn F. McGrath, Warren E. Voter, Sweeney, Sheehan & Spencer, Fred B. Buck, Louis DeAntonio, Rawle & Henderson, Joseph W. Fullem, Jr., Kittredge, Donley, Elson, Fullem & Embick, Joseph B.G. Fay, Edward S.G. Dennis, Jr., Morgan, Lewis & Bockius, Philadelphia, PA, Michael Karasik, Bala Cynwyd, PA, Robert G. Hanna, Jr., Ralph P. Bocchino, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Defendants.

James J. Greenfield, Radnor, PA, for Movant.

John A. Lord, Hepburn, Willcox, Hamilton and Putnam, Philadelphia, PA, for Objector.

MEMORANDUM AND ORDER

WELSH, United States Magistrate Judge.
*1 Presently before the Court is the Motion of Defendant, the Township of Lower Merion ("Defendant Township"), to Compel Discovery Directed to Plaintiff, the Barnes Foundation ("Barnes"). Specifically, Defendant Township requests that the Court compel plaintiff to produce or allow access to and copying of the following: (1) tax returns and audited financial statements for 1995 and 1996 if they exist, and if they do not exist, the documents from which equivalent information can be derived; (2) all third party contracts relating to the income and expenses of Barnes; and, (3) all source documents from which Barnes' financial summary data was ultimately derived. See Def.'s Mot. to Compel at 5.

Plaintiff responds that "not only has the Township made no showing of relevance, the Township's requests remain both broad and vague as to subject matter." See Pl.'s Opp'n to Def.'s Mot. to Compel at 8. In addition, plaintiff asserts that the "[q]uestions from the Township as to the precise billings submitted to the foundation for incidental day to day expenses is clearly burdensome and oppressive." Id.

DISCUSSION

Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Rather, discovery requests may be deemed

relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *Id.* As a result, discovery rules are to be accorded broad and liberal construction. *American Health Sys. v. Liberty Health Sys.*, C.A. No. 90-3112, 1991 WL 30726, *2 (E.D.Pa. March 5, 1991)* (Naythons, M.J.); *Buffington v. Gillette Co.*, 101 F.R.D. 400 (W.D.Okla.1980); *see also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C.1989). Furthermore, since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, *see Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y.1973), the determination of relevance is within the district court's discretion. *See DeMasi v. Weiss*, 669 F.2d 114, 121 (3d Cir.1982); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir.1982); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 550 (5th Cir.1980), cert. denied, 454 U.S. 927, (1981).

The party resisting production of discovery ordinarily bears the burden of establishing lack of relevancy. *Thompson v. Glenmede Trust Co.*, C.A. No. 92-5233, 1995 WL 752443, *2 (E.D.Pa. Dec. 19, 1995)* (Hutton, J.); *Flora v. Hamilton*, 81 F.R.D. 576 (M.D.N.C.1978). Specifically, the objecting party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Thompson*, 1995 WL 752443, *2 (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y.1987)).

**\*2** The party opposing discovery also has the burden "to clarify and explain its objections and to provide [the factual] support therefor." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa.1980) (Troutman, J.); *see Thompson*, 1995 WL 752443, at *2; *Martin v. Easton Publishing Co.*, 85 F.R.d. 312, 316 (E.D.Pa.1980) (stating that "to resist answering interrogatories, [a party] cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof"). The mere statement by a party that a discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982); *Roesberg*, 85 F.R.D. at 296.

Here, plaintiff argues in conclusory fashion that the "the Township made no showing of relevance." *See* Pl.'s Br. at 8. However, the Township asserts in its memorandum of law that the requested information is relevant to the following issues:

(1) the Barnes's claim that the Township is driving the Barnes into financial ruin (First Amended Complaint ¶¶ 126-129); and, (2) the Township's claim that the Barnes is either in no financial difficulty (Township's Answer at ¶¶ 126-129), or is in financial difficulty created solely through its own mismanagement or as an offshoot of the Barnes's expansion plan (Township's Counterclaim ¶ 23).

*See* Def.'s Br. at 2. Construing relevancy broadly for purposes of discovery, *see Sanders*, 437 U.S. at 351, the Court finds that the requested tax returns, as well as the third party contracts relating to income and expenses and the financial summary source documents, are relevant to the issues raised in the present case.

In its First Amended Complaint, plaintiff avers that the "Township defendants were ... conspiring with the Neighbors in an attempt to formulate a plan which would seriously impair the ability of Barnes to raise funds needed to carry out the purpose of the Indenture ... *and which could ultimately result in the destruction of Barnes altogether.*" *See* Pl.'s First Am.Compl. ¶ 126 (emphasis added). Furthermore, plaintiff alleges that "[t]he Township and the Neighbors, knowing that *Barnes needs to open six days per week,* have embarked upon a plan to limit Barnes public access hours to two days per week, *thus to ensure that Barnes is closed permanently in the long run.*" *Id.* ¶ 129 (emphasis added).

In defendants' Answer to plaintiff's First Amended Complaint, defendants deny these allegations, *see* Answer ¶¶ 123-129, and aver that they "are without sufficient information or belief to form an opinion regarding the Barnes' allegation that it requires $10 per person and a six-day visiting schedule to defray its normal and ordinary operation and maintenance expenses. Therefore, that allegation is denied." *See* Answer ¶ 128. In addition, defendants allege in their Counterclaim:

**\*3** ... under [Richard Glanton's] FN1 management, the operational expenses of the Barnes had risen to $120,000 per month. Glanton's undisclosed plan to obtain the $120,000 monthly was that he needed the Barnes to be open six days a week, and that he could not get approval for the expanded schedule without having the Neighbors and the Defendants withdraw their opposition so that Barnes could get permission to build the parking lot to accommodate the expended visitor's program.

> FN1. In 1990, Richard H. Glanton, Esquire was elected President of the Board of Trustees of the Barnes Foundation. See Pl.'s First Am.Compl. ¶ 38.

Defs.' Counterclaim ¶ 23.

Defendant Township's discovery requests, which relate to plaintiff's income, expenses and financial condition, are relevant to plaintiff's contention that its revenues necessarily cannot meet expenses if plaintiff cannot open six days per week. See First Am.Compl. ¶ 129 ("... Barnes needs to open six days per week"). Likewise, Defendant Township's requests are relevant to plaintiff's averment that "a plan to limit Barnes public access hours to two days per week" would "ensure that Barnes is closed permanently in the long run." *Id.*

Moreover, the requested discovery is relevant to Defendant Township's position that "the Barnes is either in no financial difficulties (Township's Answer ¶¶ 126-129), or its financial difficulties are of its own making either through mismanagement or as an offshoot of the Barnes's expansion plan (Township's Counterclaim ¶ 23)." See Def.'s Mot. to Compel ¶ 5. Certainly the Township's requests are relevant to plaintiff's allegations respecting Barnes' financial condition.

Plaintiff has not satisfied its burden in resisting discovery and has made only bare objections to the requested information. See *Thompson*, 1995 WL 752443, at \*2. In particular, plaintiff has not shown specifically how, despite the broad and liberal construction afforded the federal discovery rules, Defendant Township's discovery requests are irrelevant or how they are overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden. See *Josephs*, 677 F.2d at 992; *Roesberg*, 85 F.R.D. at 296.

In addition, although public policy weighs in favor of not disclosing a party's tax returns during discovery, see *DeMasi*, 669 F.2d at 119, the Court has applied a two part test to determine if discovery of tax returns is permissible. See *Thompson*, 1995 WL 752443, at \*3 n. 3; *American Health Sys. v. Liberty Health Sys.*, C.A. 90-3112, 1991 U.S.Dist. LEXIS 1440, \*12 (E. D.Pa. July 22, 1991) (Naythons, M.J.); *Kravitz v. Jewelry Basics, Inc.*, C.A. No. 89-2657, 1990 WL 44899, \*2-3 (E.D.Pa.1990 April 12, 1990) (O'Neill, J.). If the party requesting the returns can establish relevancy, then the tax information is discoverable unless the responding party can prove that there is an alternative source for the same information. *Thompson*, 1995 WL 752443, at \*3 n. 3 (citing *Kravitz*, 1990 WL 44899, at \*2-3); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 80 (E.D.Pa.1994) (Joyner, J.); see also *Houlihan v. Anderson-Stokes, Inc.*, 78 F.R.D. 232, 234 (D.D.C.1978).

**\*4** In the present case, although Defendant Township has established the relevance of the requested tax returns, see *supra*, plaintiff has not demonstrated that there is an alternative source of information to accomplish the same result. Thus, pursuant to the two part test applied by the Court, see *Thompson*, 1995 WL 752443, at \*3 n. 3; *Kravitz*, 1990 WL 44899, at \*2-3, discovery of the tax returns is permissible. See *Caruso v. Coleman Co.*, C.A. No. 93-6733, 1995 WL 298376 (E.D.Pa. May 12, 1995) (Naythons, M.J.); *Tannen*, 153 F.R.D. at 80; *American Health Sys.*, 1990 WL 44899, at \*2-3; *First Fidelity Bank v. Nissenbaum*, C.A. No. 89-2248, 1991 WL 46456, \*2 (E.D.Pa. March 28, 1991) (Van Antwerpen, J.).

While Defendant Township's document requests are sweeping in their scope, the Court finds that they are relevant and not overly broad in light of the issues in this case. See *Thompson*, 1995 WL 752442, at \*3; *American Health Sys.*, 1991 WL 30726, at \*4; *Data-Link Sys. v. Data Line Serv. Co.*, 148 F.R.D. 225, 228 (N.D.Ind.1992). Accordingly, since the discovery requests were reasonably calculated to lead to the discovery of admissible evidence, Defendant Township's Motion to Compel Discovery is

granted.

An implementing Order follows.

ORDER

AND NOW, this 31st day of October, 1996, upon consideration of the Motion of Defendant, the Township of Lower Merion ("Defendant Township"), to Compel Discovery Directed to Plaintiff, the Barnes Foundation, and plaintiff's opposition thereto, for the reasons in the accompanying Memorandum, it is hereby ORDERED that:

1. Defendant Township's Motion to Compel is GRANTED;

2. Plaintiff is ordered to produce, or allow access to and copying of:

(A) tax returns and audited financial statements for 1995 and 1996 if they exist and, if they do not exist, the documents from which equivalent information can be derived;

(B) all third party contracts relating to the income and expenses of the Barnes Foundation from 1990 forward; and,

(C) all source documents from which the financial summary data of the Barnes Foundation, for the years 1990 to the present, was ultimately derived.

E.D.Pa.,1996.
Barnes Foundation v. Township of Lower Merion
Not Reported in F.Supp., 1996 WL 653114 (E.D.Pa.)


Motions, Pleadings and Filings (Back to top)

• 2:96cv00372 (Docket) (Jan. 18, 1996)
END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 752443 (E.D.Pa.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
B. Ray THOMPSON, Jr., et al.
v.
GLENMEDE TRUST COMPANY, et al.
No. CIV. A. 92-5233.
Dec. 19, 1995.

MEMORANDUM AND ORDER

HUTTON, Judge.
**\*1** Presently before the Court is the Motion of Lawyer Defendants to Compel Discovery, Plaintiffs' Brief in Opposition to Lawyer Defendants' Motion to Compel Discovery, the Lawyer Defendants' Reply Memorandum and Supplemental Memorandum, and the Motion for Expedited Consideration of Lawyer Defendants' Motion to Compel Discovery.

I. BACKGROUND

The factual background in this matter has been previously discussed in the Court's Memorandum and Order dated June 8, 1993. The Court stated in its opinion:

The triggering event which prompted the filing of this diversity action involves a stock buy-back transaction in which Oryx purchased approximately 25.3 million shares held by the trusts of which Glenmede Trust was trustee. Glenmede Trust held shares of Oryx as trustee for the previously named nine trusts. Oryx purchased the 25.3 million shares for $1.36 billion. As a result of the purchase, the market for Oryx shares began to fall. From the date of the purchase, September 11, 1990 to the filing of the complaint on December 7, 1992, Oryx stock fell from a high of approximately $54 a share to the low to mid $20 range. The Thompson Family alleges a loss of approximately $80 million as a result of the buy-back transaction.

The plaintiffs contend that the goals of the transaction were: (1) to divert funds improperly out of Oryx and into the Defendant Trusts; [and] (2) to liquidate or diversify the Defendant Trusts' holdings of Oryx stock and to maximize the value received for the Defendant Trusts' holdings in Oryx....

Plaintiffs have alleged that the transaction was instigated, devised and executed by Glenmede Trust, its parent, defendant Glenmede Corporation, and the Pew Defendants and the Defendant Trusts. (Complaint, ¶¶ 3, 34). The plaintiffs allege that Glenmede Trust and Glenmede Corporation are controlled by the Pew family. Allegedly, the stock transaction was detrimental to Oryx and the plaintiffs and was extremely lucrative for Glenmede Corporation, Glenmede Trust, the Defendant Trusts and the Pew Defendants. (Complaint, ¶ 43). Plaintiffs allege that Glenmede Trust failed to advise them before and after the transaction of its consequences to Oryx.

According to the allegations of the complaint, Glenmede owed fiduciary duties to plaintiffs (the Thompson family interests) at the same time as it owed duties to the Pew family interests. Plaintiffs allege that Glenmede and the Pew family interests are commonly controlled and indivisible, making the duties owed to plaintiffs even clearer. Those duties were allegedly breached when the Pew family interests were advanced by the buy-back transaction, and the Thompsons were ignored by Glenmede and harmed by the transaction it precipitated.

*Thompson v. Glenmede Trust Co.,* 1993 WL 197031, *2 (E.D. Pa. June 8, 1993) (Hutton, J.).

## II. DISCUSSION

In the present discovery motion, defendants F. John Hagele, James R. Lewith, Richard C. Sorlien, Franklin B. Holland, Edward M. Watters, III, Augustus S. Ballard and Robert J. Weinberg ("the Lawyer Defendants") [FN1] have moved this Court for an Order compelling the plaintiffs to comply with certain outstanding discovery requests. Upon reviewing the various submissions by the parties, this Court finds that there are four remaining issues raised by the Lawyer Defendants' motion-i.e., (1) interrogatories and document requests pertaining to the plaintiffs' financial information; (2) various contention interrogatories; (3) plaintiffs' assertion of attorney-client and work-product privileges; and (4) waiver of certain privileges on certain documents. [FN2]

> FN1. The Lawyer Defendants previously represented the Glenmede Defendants in this matter. In November, 1994, the Plaintiffs were granted leave to amend their Complaint to include claims against the Lawyer Defendants.
>
> FN2. The Lawyer Defendants' motion also raised two additional issues which have apparently been resolved. First, the Lawyer Defendants requested that the Plaintiffs review the personal files of Mr. Thompson's children and produce any applicable documentation. On August 22, 1995, however, the Lawyer Defendants informed this Court that Plaintiffs' counsel has confirmed that no such documents exist in the personal files of Mr. Thompson's children. Second, the Lawyer Defendants requested that the Plaintiffs be required to identify their proposed expert witnesses. On September 22, 1995, this Court entered the Third Amended Scheduling Order that required each party to disclose the identity of their respective expert witnesses.

1. *Discovery of Financial Information*
**\*2** The party resisting production bears the burden of establishing lack of relevancy. *Flora v. Hamilton,* 81 F.R.D. 576, 3 Fed.R.Evid.Serv. 1425 (M.D.N.C.1978). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). The party opposing discovery also has the burden "to clarify and explain its objections and to provide [the factual] support therefor." *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 297 (E.D.Pa.1980); *see also Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 316 (E.D.Pa.1980)(stating that "to resist answering interrogatories, [a party] cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof").

In the present matter, the plaintiffs claim that the Glenmede Defendants were the only source of investment advice regarding their holdings-i.e., both personal holdings and those of the Thompson family trust accounts-in Oryx stock. Accordingly, the plaintiffs are attempting to recover damages for alleged breaches of fiduciary duties based upon the combined holdings in Oryx. Although the defendants did serve as investment advisors for the Thompson family trust accounts, the defendants have denied any responsibility for the plaintiffs' personal holdings.

The Lawyer Defendants have now served the plaintiffs with various interrogatories and requests for production of documents pertaining to financial information. In particular, the Lawyer Defendants have requested the following materials/information: (1) tax returns on behalf of the plaintiffs and all trusts; (2) documents relating to charitable gifts of securities made by the plaintiffs; (3) information regarding capital gains or losses for the plaintiffs; (4) identification of and account statements with any financial institutions/brokers; (5) identification of and documents relating to all of plaintiffs' trusts, partnerships, joint ventures, privately held corporations or real estate; (6) identification of and

documents relating to all trusts that plaintiffs has acted as settlor or trustee; (7) identification of and documents relating to charitable trusts or foundations contemplated by plaintiffs; and (8) identification of and documents relating to other lawsuits filed by plaintiffs. In response, the plaintiffs have, without objecting to the relevancy of the requested information/documents, merely stated that they have already provided information as to sources of investment advice and that the new discovery requests are unduly burdensome and intrusive.

The plaintiffs, however, have not satisfied their burden in resisting discovery and have made only bare objections to the requested information/materials. In particular, the plaintiffs have not identified the type or amount of information previously provided to the defendants, illustrated how the materials recently requested are actually cumulative, or even made an approximation of the number of documents involved in this recent request.

**\*3** On the other hand, the Lawyer Defendants assert that the requested information/documents are not only necessary to determine the overall financial sophistication of the plaintiffs, but also to refute the plaintiffs' alleged damages. The Lawyer Defendants have also requested tax information to prove that the plaintiffs' decision to retain their holdings in Oryx was based upon their desire to avoid capital gains tax on the proceeds.[FN3] Thus, the Lawyer Defendants motion to compel full and complete answers to the interrogatories and requests for production of documents pertaining to financial information is granted.[FN4]

> FN3. The plaintiffs have raised a specific objection to the request for tax returns. Although public policy weighs in favor of not disclosing a party's tax returns during discovery, this court has previously applied a two part test to determine if discovery of tax returns is permissible. *Kravitz v. Jewelry Basics, Inc.,* C.A. No.89-2657, 1990 U.S. Dist. LEXIS 4264, at \*6 (E.D.Pa.1990 April 12, 1990). If the party requesting the returns can establish relevancy, then the tax information is discoverable unless the responding party can show that there is an alternative source for the same information. *Id.; See also Houlihan v. Anderson-Stokes, Inc., 78 F.R.D. 232, 234 (D.D.C.1978)*(requiring production of tax return where alleged purpose for investment was tax savings).
>
> The Lawyer Defendants have requested various financial information, including the tax returns, to try to show, *inter alia,* that the plaintiffs' decision to retain their Oryx stock was driven over concerns for the income tax implications. Thus, the tax returns have been requested to verify what effect the sale of Oryx stock would have had on the plaintiffs' income taxes. The plaintiffs, however, have not offered any alternative source of information to accomplish the same result.
>
> FN4. This issue pertains to the Lawyer Defendants' Interrogatories Nos. 44-50 and 57 and Document Requests 4, 8-15 and 26 directed to all Plaintiffs; and Request No. 25 directed to Plaintiff B. Ray Thompson, Jr., and Request No. 22 directed to the other Plaintiffs.

2. *Contention Interrogatories*

In addition to financial information, the Lawyer Defendants have also served the Plaintiffs with several contention interrogatories. In general, these interrogatories request the identification of every person, document and fact that the plaintiffs contend support their allegations in this matter. In response, the plaintiffs have merely identified general classes-e.g., "each plaintiff" or "other Glenmede clients who held Oryx stock, and expert witnesses"-of prospective witnesses. The plaintiffs have also responded by stating that the "Plaintiff refers to the documents previously produced in this action and asserts that the Defendants can identify the information sought in those documents as readily as can plaintiff...."

Pursuant to Federal Rule of Civil Procedure 33(c), an interrogatory is not "objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or application of law to fact...." Fed.R.Civ.P. 33(c). If, however, an answer is ascertainable from the

documents of the party upon whom the interrogatory has been served, the responding party may simply refer to the documents that contain the requested information *if* "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory...." Fed.R.Civ.P. 33(d).

Nevertheless, a defendant is "entitled to know the factual content of the plaintiff's claims with a reasonable degree of precision." *Martin v. Easton Publishing Co.*, 85 F.R.D. 312, 315 (E.D.Pa.1980). A plaintiff, therefore, cannot respond to a defendants interrogatories by simply referring to a mass of documents. *See* Fed.R.Civ.P. 33 Advisory Committee's Notes 1980 Amendment. A responding party "must state specifically and identify precisely which documents will provide the desired information." 85 F.R.D. at 315.

Accordingly, this Court finds that the plaintiffs' responses to the interrogatories were improper. The plaintiffs are required to identify, with specificity, all persons, facts, and documents that they contend support their claims.[FN5] Even if the desired information is found in documents already in the possession of the Lawyer Defendants, then the plaintiffs shall specify which documents provide the requested information.

> FN5. This issue pertains to the Lawyer Defendants' Interrogatories 7, 16, 18-20, 25, 32-35, 50 and 60, and Document request 14 directed to all Plaintiffs.

3. *Privileged Materials*
*4 A party relying upon either the attorney-client privilege or work-product immunity, bears the burden of establishing the applicability of the privilege/protection. *Doe v. Mercy Health Corp.*, C.A. No. 92-6712 (E.D.Pa. Sept. 13, 1993). In order to sustain its burden, the party resisting discovery must make " 'a specific designation and description of *the documents* within its scope as well as precise and certain reasons for preserving their confidentiality.' " *Brown v. Smythe*, 1991 WL 275785, at *1 (E.D.Pa. Dec. 18, 1991) ( quoting *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 93 (D.Del.1974))(emphasis added). As this Court stated in *Brown*, " '[a]t a minimum, *for each document asserted to be protected by these privileges,* the [resisting party] must provide both the plaintiff and the Court with the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the document and the privilege or privileges asserted.' " *Id.* (citing *Wie v. Bodner,* 127 F.R.D. 91, 96 (D.N.J.1989))(emphasis added). Absent such a designation, a party may not rely upon the privileges. *See Mercy Health, supra.*

In the present matter, the plaintiffs have produced a generalized list of privileged documents. Nevertheless, the plaintiffs' list is defective because it merely lists categories of documents that are allegedly protected and does not provide information with respect to individual documents.[FN6] Accordingly, "an improperly asserted claim of privilege is no claim at all." *International Paper Co.,* 63 F.R.D. at 93.

> FN6. Although this Court acknowledges the burden that this requirement places on the party asserting the privilege, this information is necessary for each document to determine whether it pertains to advice of counsel, whether the information was intended to be kept confidential, or whether a waiver of the privilege has occurred.

4. *Waiver of Privilege*
The Lawyer Defendants also assert that the plaintiffs have waived any privilege with respect to certain documents that were forwarded by plaintiff B. Ray Thompson to his brother and to his brother's children. Although none of these individuals eventually joined in this action, the plaintiffs argue that disclosure of the "legal memos" to these third parties as "prospective litigants" did not constitute a waiver of any privilege. Specifically, the plaintiffs assert that the materials were sent to Mr. Thompson's relatives prior to the initiation of this action in order to determine whether they wanted to join in the suit.

Assuming, arguendo, that the plaintiffs can properly assert a privilege with respect to these documents,[FN7] this Court finds that the disclosure of any privileged documents to these individuals did not constitute a waiver of either the attorney/client privilege or the work-product privilege. With respect to the attorney client privilege, disclosure of privileged materials to a third party will generally result in a waiver of the privilege. Nevertheless, "parties with shared interests in actual or *potential litigation* against a common adversary may share privileged information without waiving their right to assert the privilege." *United Mine Workers of Am. Employee Benefit Plans Litigation,* 159 F.R.D. 307, 313 (D.D.C.1994)(emphasis added). Thus, pursuant to the "common interest rule," this Court concludes that the disclosure of any materials to these family members, where such information was provided to determine if they wanted to join other family members in a pending law suit against the same set of Defendants and based upon the same issues to be litigated, did not serve to waive the attorney/client privilege.

> FN7. As previously explained, the Plaintiffs must prepare a privilege log for each document to properly assert either the attorney-client privilege or the work-product protection.

**\*5** Furthermore, disclosure of materials to third persons which are purportedly protected by the work-product doctrine does not automatically waive such protection. In particular, disclosure of a document does not waive the protection of the work-product doctrine unless such disclosure enables an adversary to gain access to the information. *Westinghouse v. Republic of the Philippines,* 951 F.2d 1414, 1428 (3d Cir.1991). Accordingly, this Court also concludes that the disclosure of any materials protected by the work-product privilege to Mr. Thompson's family would not serve to act as a waiver of such protection. Mr. Thompson specifically instructed that the materials be kept confidential and there is no indication that anyone other than the family members gained access to the materials.

An appropriate Order follows.

ORDER

AND NOW, this 18th day of December, 1995, upon consideration of the Motion of Lawyer Defendants to Compel Discovery, IT IS HEREBY ORDERED that Lawyer Defendants' Motion is GRANTED in PART and DENIED in PART.[FN1]

> FN1. Three items of the motion to compel are denied. The Court has rejected the Lawyer Defendants' argument that the Plaintiffs waived either the attorney-client privilege or the work-product protection by disclosing certain materials to Mr. Thompson's brother and his brother's children. Furthermore, the requests with respect to disclosure of expert witnesses and a review of the Plaintiffs' personal files are denied as moot because they have already been resolved by the parties.

IT IS FURTHER ORDERED that:

(1) the Plaintiffs shall file full and complete responses to the Lawyer Defendants' Interrogatories Nos. 44-50 and 57 and Document Requests 4, 8-15 and 26 directed to all Plaintiffs; Request No. 25 directed to Plaintiff B. Ray Thompson, Jr., and Request No. 22 directed to other Plaintiffs within fourteen (14) days of the date of this Order;

(2) the Plaintiffs shall file full and complete responses to the Lawyer Defendants' Interrogatories 7, 16, 18-20, 25, 32-35, 50 and 60, and Document request 14 directed to all Plaintiffs within fourteen (14) days of the date of this Order; and

(3) the Plaintiffs shall file a privilege log for each document allegedly covered by either the attorney-client privilege or the work-product doctrine. [FN2]

FN2. *See Brown v. Symthe,* 1991 WL 275785, at *1 (E.D.Pa. Dec. 18, 1991).

IT IS FURTHER ORDERED that the Motion for Expedited Consideration of Lawyer Defendants' Motion to Compel Discovery is DENIED as MOOT.

E.D.Pa.,1995.
Thompson, Jr. v. Glenmede Trust Co.
Not Reported in F.Supp., 1995 WL 752443 (E.D.Pa.)


Motions, Pleadings and Filings (Back to top)

- 2:92cv05233 (Docket) (Sep. 10, 1992)
END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**CERTIFICATE OF SERVICE**

The undersigned on this date hereby certifies that the foregoing Luzerne County Children and Youth, et al.s' memorandum of law in support of their motion to compel discovery against Plaintiff Eric Ernest Houston is being served upon Plaintiff and in the manner indicated below:

**VIA FIRST CLASS MAIL**

Eric Ernest Houston
5713 Springfield Avenue
Philadelphia, PA 19143

PRO SE

/s/ Paula L. Radick
Paula L. Radick

Dated: June 4, 2008