**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC ERNEST HOUSTON, | |
| Plaintiff, | NO. 3:06-CV-2118 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY CHILDREN & YOUTH, ET AL., | |
| Defendant | |

### MEMORANDUM

Before me is Defendants' Motion for Sanctions (Doc. 47), which seeks dismissal of this action, or in the alternative, counsel fees and costs. Because the Plaintiff has shown total disinterest and inattention to not only the Orders of the Court, but the other requirements imposed by the rules which govern litigation in this Court, the motion will be granted, and the case will be dismissed.

### I. BACKGROUND

Plaintiff filed this suit in October, 2006, alleging that the Defendants violated his constitutional rights by requiring his children be placed in temporary care until his wife found secure and safe housing. He seeks the return of his children and discipline for Defendants for their wrongdoing. (See Doc. 1.) An answer with affirmative defenses was timely filed, and on July 18, 2007, Defendants served Plaintiff with a request for the production of documents and interrogatories. (See Ex. A to Doc. 47.) Plaintiff filed a motion for extension of time to respond to Defendants' discovery (Doc. 21), and the Court granted an additional thirty days from August 3, 2007 in which to respond. (Doc. 23.)

On August 27, 2007, Plaintiff filed a motion to appoint counsel which was denied on September 4, 2007. (Doc. 30.) Upon the Plaintiff's failure to respond, Defendants filed a motion to compel discovery (Doc. 41), on May 30, 2008. No response was filed by Plaintiff, and on July 18, 2008, the Court entered an Order that Plaintiff provide his responses within twenty days of July 18, 2008. (Doc. 46.)

After due notice, Plaintiff failed to appear at a Rule 16 Conference (Case Management Conference) on February 29, 2008. Plaintiff filed a motion for change of venue to the Eastern District of Pennsylvania on March 19, 2008. The motion was denied on March 20, 2008. (Doc. 40.) The instant motion was filed on August 22, 2008. With the failure to respond to the interrogatories after having been ordered to do so, the failure to appear at the Rule 16 Conference, and the filing of this motion, the Court scheduled an in-person conference for October 31, 2008. Due notice was sent to Plaintiff. (Doc. 52.) Plaintiff failed to appear or otherwise notify the Court.

**II.   DISCUSSION**

Sanctions are an unpleasant subject, but are sometimes necessary in the management of a civil case. The severe sanction of dismissal is reserved for "flagrant bad faith" or "callous disregard of [litigation] responsibilities." *Nat'l Hockey League v. Metropolitan Hockey Club Inc.*, 427 U.S. 639, 642-43 (1976). The United States Court of Appeals for the Third Circuit has a set of factors to guide a District Court in its consideration of whether to dismiss an action for failure to obey discovery orders. They are:

> 1) the extent of the party's personal responsibility, 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, 3) a history of dilatoriness, 4) whether the conduct of the party or the attorney was willful or in bad faith, 5) the effectiveness of sanctions other than dismissal and 6) the meritoriousness of the claim or defense.

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990); *C.T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691-92 (3d Cir. 1988); *Poulis*, 747 F.2d at 868; *Great Western Funding, Inc. v. Mendelson*, 158 F.R.D. 339, 344 (E.D. Pa. 1994), *aff'd*, 68 F.3d 456 (3d Cir. 1995); *Doe v. American Red Cross*, No. Civ. A. 90-6734, 1992 WL 122830 at *2-3 (E.D. Pa. May 28, 1992).

While all of the above factors may be considered in deciding whether to dismiss an action or preclude certain evidence, "no one factor is dispositive, and dismissal may be appropriate even when some of the factors are not met." *Id.* (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)). Indeed, in *Poulis*, the Court of Appeals found only three of the six elements, but held that these were sufficient to dismiss the case. *Id.* at 870. The court determined that the finding that the plaintiff's conduct prejudiced the adversary was supported by the record where "interrogatories were never answered nor were objections filed; defense counsel was obliged to file a motion to compel answers, and was obliged to file its pre-trial statement [before the plaintiffs filed their pre-trial statement]." *Poulis*, 747 F.2d at 868 (citation omitted).

In the instant case, Plaintiff initiated this suit, and has, other than seeking an extension to answer the written discovery in July, 2007, completely ignored the Court's Order compelling that he respond to the discovery within twenty days of July 18, 2008.

3

In addition, he ignored the Court ordered conference for October 31, 2008.

Applying the *Comdyne I* factors, Plaintiff has 1) been totally irresponsible in addressing the requirement that he respond to the Defendants' discovery; 3) Plaintiff is beyond being dilatory; he simply does nothing; 5) no sanction other than dismissal would be effective, as the Plaintiff seems to have lost interest in his case; and, 6) the Plaintiff's claim on its face is difficult to assess, but it does appear, without more, that he has not alleged a violation of procedural or substantive due process.

In the Court's view, it would be enough to dismiss the claim on the basis of the Plaintiff's failure to obey the Court's Order regarding discovery, but there is more to this pattern of ignoring Court orders regarding discovery. There is a general pattern of irresponsibility and disinterest toward the prosecution of the case. Plaintiff failed to appear for the Rule 16 Conference in February, 2008, and he failed to appear for the October 31, 2008, status conference with the Court. He has simply ignored the requirements that he attend or at the very least contact the Court to indicate why he could not, and at the same time seek to reschedule.

This conduct also implicates Rule 41(b) of the Federal Rules of Civil Procedure which states "for failure of the plaintiff to prosecute or to comply with these rules or an order of Court, a defendant may move for dismissal of an action or any claim against defendant." Fed. R. Civ. P. 16.  This Court dismissed a case where the Plaintiff's pattern of behavior was similar to that of the Plaintiff.  *As' salaam Kinte Wilson v. C.O. Eric Bufalino, et al.*, Civil No. 3:CV-07-0884 (Kosik, J.).

The Court understands Plaintiff's *pro se* status, nevertheless Plaintiff has simply

filed this suit, and thereafter ignored not only the requirements of responding to his opponents' discovery efforts, but this Court's Orders as well.  He has shown no interest in prosecuting his case.

Therefore, the Motion for Sanctions will be granted, and the case will be dismissed.

An appropriate Order follows.


Date: November 5, 2008             /s/ A. Richard Caputo
                                   A. Richard Caputo
                                   United States District Judge

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ERNEST HOUSTON, | |
| Plaintiff, | NO. 3:06-CV-2118 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY CHILDREN & YOUTH, ET AL., | |
| Defendant | |

## ORDER

**NOW**, this 5th day of November, 2008, for the reasons in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions (Doc. 47) is **GRANTED** and this case is **DISMISSED**.

The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Court